UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OSMOSE UTILITIES SERVICES, INC.,

                              Plaintiff,

            v.                                          **DECISION AND ORDER**
                                                        13-CV-310S
RON HISH, ARIZONA UTILITY INSPECTION
SERVICES, INC., and LINDA HISH,


                              Defendants.

## I.  INTRODUCTION

Plaintiff commenced this action on March 15, 2013 by filing a Summons and
Complaint in the Supreme Court for the State of New York, Erie County, alleging, among
other things, that Defendant Ron Hish violated a non-compete agreement. Defendants
removed the matter to this Court on March 27, 2013.  Presently before this Court is
Plaintiff's motion to remand.  The Court finds the matter fully briefed and oral argument
unnecessary, and for the reasons discussed below, concludes that the motion should be
denied.

## II.  BACKGROUND

Plaintiff provides professional grade inspection, maintenance, and restoration
services to utility companies. (Compl. ¶ 7, Notice of Removal Ex A, Docket No. 1.)
Defendant Ron Hish was employed by Plaintiff until May 2012 as a field supervisor whose
responsibilities included customer communications and day-to-day operations for Plaintiff's
customers in Arizona, New Mexico, and California.  (Id. ¶¶ 8-11.) Hish entered into a Non-

disclosure, Non-competition, Non-solicitation and Intellectual Property Agreement ("non-compete agreement") with Plaintiff in September 2007 that, among other things, precluded Hish from competing with Plaintiff following the termination of his employment for two years in Arizona and for one year in California.  (Compl. Ex. A ¶¶ 3-4.)

Defendant Arizona Utility Inspection Services, Inc. ("AUIS") was incorporated in September 2013 by Defendant Linda Hish, Ron Hish's wife. (Decl. of Linda Hish ¶ 3, Docket No. 9; Compl. ¶ 5.) Shortly thereafter, Plaintiff became aware that Ron Hish was performing utility inspection services for AUIS and informed Hish that he was in violation of the non-compete agreement. (Compl. ¶¶ 23-24.)  Based on the belief that Defendants are soliciting Plaintiff's customers and preparing to compete with Plaintiff in providing utility inspection and other services, Plaintiff commenced the instant action in New York state court in March 2013.

### III. DISCUSSION

In light of the limited jurisdiction of federal courts and out of respect for states' rights, removal jurisdiction is strictly construed, with all doubts resolved against removal. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). A defendant may remove an action to federal court based upon diversity of citizenship where all adverse parties are citizens of different states and there is a reasonable probability that the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332 (a); 1446 (a); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001).  The removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

2

Plaintiff asserts that remand, as well as an award of costs and fees, is warranted here because (1) Defendants failed to sufficiently allege that this case meets the amount in controversy threshold of $75,000; (2) Defendant Ron Hish contractually agreed to suit in Erie County Supreme Court and the other Defendants are also bound by that agreement; and (3) removal was ineffective where Defendants failed to include with their notice all papers served upon them in the state court action. This Court disagrees and concludes that remand is unwarranted.

## A.     Amount in Controversy

Plaintiff correctly asserts that the amount in controversy is not established by the state court complaint nor alleged with any particularity in Defendant's notice of removal. "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." United Food & Commercial Workers Union, 30 F.3d at 305.   "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonably probability' that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Tongkook Am. Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)); see Untied Food & Commercial Workers Union, 30 F.3d at 305 (a challenge to jurisdictional facts must be met with competent proof).  The amount in controversy is measured as of the date of the complaint. Scherer, 347 F.3d at 397.

Defendants respond that an amount in controversy in excess of $75,000 can be established because Plaintiff seeks, among other things, compensatory damages including "disgorgement of any profits earned by Defendants and/or profits lost by [Plaintiff]." (Compl.

3

at 11; Def's Mem of Law at 5-6.)  Defendant Ron Hish avers that AUIS has successfully

bid on one project with an Arizona company since his termination which resulted in profits

in excess of $100,000.  (Decl. of Ron Hish ¶¶ 13-15, Docket No. 9-1.) Further, Hish avers

that the last payment on this project was received in December 2012, three months prior

to the date of the Complaint.

Plaintiff does not raise in its reply memorandum any specific challenge to the

averments that a single project could net over $100,000 in profit.  (Pl's Reply Mem of Law

at 6.) Further, the Complaint alleges that Defendants are preparing additional bids in

violation of the non-compete agreement.  (Compl. ¶¶ 27, 40.) Defendants have therefore

established that it is reasonably probable that the amount in controversy exceeds the

jurisdictional threshold of $75,000. <u>See</u> <u>Scherer</u>, 347 F.3d at 397.

## B.    Forum Selection Clause

Plaintiff further argues that, pursuant to a forum selection clause in the non-

disclosure agreement, Defendant Hish waived his right to object to suit in Erie County

Supreme Court. (Pl's Mem of Law at 7.)  Plaintiff further argues that the terms of the non-

compete agreement "are binding upon Hish's wife and AUIS because they are closely

related to Hish." (<u>Id.</u>) At issue is paragraph 15 of the agreement:

> Employee hereby irrevocably waives any objection which Employee now or
> hereafter may have to the laying of venue of any action or proceeding arising
> out of or relating to this Agreement brought in the United States District Court
> for the Western District of New York or the Supreme Court of Erie County,
> New York, any and [*sic*] objection on the ground that any such action or
> proceeding in either of such courts has been brought in an inconvenient
> forum. . . .  Nothing in this Section shall affect the right of the Employer to
> bring any action or proceeding against Employee or Employee's property in
> the courts of other jurisdictions.

(Compl. Ex. A.)

4

Defendants respond that this forum selection clause is permissive and does not prohibit removal to this Court.  Plaintiff contends that several district courts have already considered and rejected this argument in connection with similarly worded forum selection clauses.

"An agreement [c]onferring jurisdiction in one forum will not be interpreted as [e]xcluding jurisdiction elsewhere unless it contains specific language of exclusion, . . . or it leaves it in the control of one party with power to force on its own terms the appropriate forum." City of New York v. Pullman Inc., 477 F.Supp. 438, 442 n. 11 (S.D.N.Y. 1979) (Weinfeld, J.) (quoted in John Boutari & Sons, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc., 22 F.3d 51, 53 (2d Cir. 1994)); Congress Fin. Corp. v. Bortnick, No. 00 Civ. 6361, 2000 WL 1634248, *2 (S.D.N.Y. Oct. 31, 2000).  Neither of those conditions is present here.

Plaintiff argues that the holding in AGR Financial, LLC v. Ready Staffing, Inc., necessitates remand here. 99 F. Supp. 2d 399, 400 (S.D.N.Y. 2000); (Pl's Mem of Law at 8-9.) The forum selection clause at issue in that case provided that:

> Any legal action or proceeding against [the defendant] with respect to this agreement or any purchase document may be brought in the courts of the state of New York in the City of New York or of the United States of America for the Southern District of New York, *as [the plaintiff] AGR may elect*, and, by execution and delivery hereof, the [defendant] accepts and consents to, for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts and agrees that such jurisdiction *shall be exclusive,* unless waived by [the plaintiff] in writing.

AGR Financial, LLC, 99 F. Supp. 2d at 400 (emphasis altered).  First, this clause expressly states that jurisdiction is exclusive.  Second, the language "as AGR may elect" gives the plaintiff, AGR, the authority to force jurisdiction in either the state or federal court.  "Thus,

in AGR, both of Judge Weinfeld's conditions [articulated in <u>Pullman Inc.</u>] existed - specific language of exclusivity and the power of one party to force the choice of forum upon another." <u>Congress Fin. Corp.</u>, 2000 WL 1634248 at *2.

No such express language is found in the forum clause in the non-compete agreement at issue in the instant case. There is no assertion that jurisdiction is exclusive; indeed, Plaintiff is expressly permitted to commence an action arising out of the agreement in any jurisdiction. Defendant Ron Hish is precluded only from objecting to venue in either specified court as improper or inconvenient. Further, there is no language "mandating that [Plaintiff's] selection exclude the other specified New York court." <u>Congress Fin. Corp.</u>, 2000 WL 1634248 at *1-2.

> Thus, while [Plaintiff] elected to sue in the Supreme Court of the State of New York, [Defendants] retained the right to avail themselves of this Court's removal jurisdiction to the extent their claims were removable. The fact that [Defendants] waived "any objection based on venue or forum non conveniens" does not impair the vitality of their right of removal.

<u>Congress Fin. Corp.</u>, 2000 WL 1634248 at *2. The forum selection clause in the non-compete agreement therefore does not necessitate remand.

The remaining cases on which Plaintiff relies do not persuade this Court otherwise. The court in <u>Post Investors LLC v. Gribble</u> stated simply that "a party's selection of state court becomes mandatory and bars removal to federal court because the clause at issue gave one party the ability to choose whether to commence the action in state or federal court." No. 12 Civ. 4479, 2012 WL 4466619, *4 (S.D.N.Y. Sept. 27, 2012). The language

of the forum selection clause at issue, however, does not appear in this decision.[1]  Instead, the court summarizes that the defendants "expressly waived any right to object to [the p]laintiff's choice" whether to commence litigation in state or federal court *in addition* to waiving any objection based on venue or *forum non conveniens*.  Id. at *3-4.  No such additional waiver is found here.  Further, the court cites to AGR Financial which, as discussed above, is distinguishable from the present case.

Similarly, remand was warranted in Koninklijke Philips Elec. v. Digital Works, Inc., because the language of the applicable agreement provided that:

> Any disputes between the parties hereto in connection with this Agreement (including any question regarding its existence, validity or termination) shall be submitted to any state or federal courts in [t]he State of New York, provided always that, in case Philips is the plaintiff, Philips may *at its sole discretion* submit any such dispute *either* to the state or federal courts.

358 F. Supp. 2d 328, 334 (S.D.N.Y. 2005) (emphasis added).  This mirrors the language in AGR Financial that gave the plaintiff the authority to force jurisdiction in *either* the state or federal court.  The defendant in Koninklijke Philips also "irrevocably waive[d] any objection to the *jurisdiction*, process and venue" of the state court where chosen by the plaintiff, thereby waiving a right to invoke federal jurisdiction.  Id. at 330 (emphasis added); see Congress Financial Corp., 2000 WL 1634248 at *2 (noting that removal is "simply one of the procedures for invoking the limited grant of federal jurisdiction").

Accordingly, the forum selection clause in the non-compete agreement does not mandate remand in this matter.  In light of this conclusion, Plaintiff's argument that non-

---

[1]A full recitation of the relevant clause is also not found in the brief for the Post Investors defendants, submitted by Plaintiff in further support of the present motion. (Decl. of Robert J. Lane, Jr., Esq., Ex A.)

signatory Defendants AUIS and Linda Hish are also bound by the terms of the non-compete agreement need not be addressed at this time.

## C.    Defective Notice of Removal

Plaintiff contends that Defendants' notice of removal was defective because it failed to contain "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." 28 U.S.C. § 1446 (a); see Local Rule 81(a)(3) (same).   Although incomplete at the time the notice was initially filed, this failure was a procedural defect and not a jurisdictional one warranting remand.   Boxdorfer v. Daimlerchrysler Corp., 396 F.Supp.2d 946, 950-51 (C.D.Ill. 2005), aff'd, 435 F.3d 785 (7th Cir. 2006).  In any event, Defendants have corrected the problem prior to the expiration of their time to file a notice of removal. (Docket No. 8.) See generally 28 U.S.C. § 1446 (b).

## IV. CONCLUSION

This Court finds that Plaintiff's contentions that remand is warranted are without merit, and the motion is denied.

## V.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to Remand (Docket No. 4) is DENIED.

SO ORDERED.

Dated:  April 11, 2013
         Buffalo, New York

/s/William M. SKretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court